IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT JAMES SWINT, | CV 26–54–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| EVERGREEN SHOPPING CENTER, BEAVER BOAT RAMP, BEAR/MAN PIG-CLUB, and RAMBO, INC., | |
| Defendants. | |

Plaintiff Robert James Swint has lodged a proposed complaint. (Doc. 1.) The action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under federal law, this Court must dismiss a "case at any time if the court determines that . . . the action or appeal:" (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous when its "factual allegations and legal conclusions . . . lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes "not only the inarguable legal conclusion, but also the

---

[1] Even though § 1915(e)(2)(B) is found within the Prison Litigation Reform Act, it applies with equal force to non-prisoner pro se plaintiffs proceeding in forma pauperis. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

1

fanciful factual allegation." *Id.*

A complaint fails to state a claim unless it includes "a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1174 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In short, to state a claim, the well-pleaded facts in Mr. Swint's complaint must plausibly establish his right to relief. *Id.* This requires more than the mere recitation of the elements of a cause of action or conclusory legal conclusions. *Id.* With these principles in mind, the Court will examine Mr. Swint's complaint.

Mr. Swint's complaint spans two pages and contains no sensible allegations. There are few, if any, complete sentences, and not one that makes a plausible legal assertion.

This is not Mr. Swint's first civil lawsuit. Mr. Swint filed a previous case in this Court in 2021, which was dismissed as frivolous. At the time, the Court noted that "since December 2020, Plaintiff has filed more than 40 pro se civil actions and appeals in federal courts around the country." *Swint v. International Paper Co., et al.,* Case No. CV 21-72-M-DLC (D. Mont.) (citing *Swint v. Mueller*, 2021 WL 2441128, *2 (S.D.N.Y. 2021).) "[E]very case that has been addressed on the merits has been dismissed as either frivolous or duplicative, for failure to state a claim, or for lack of subject matter jurisdiction." *Id.* The same is true in this case.

Even affording Mr. Swint's complaint the liberal construction it deserves, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it cannot be construed as anything other than frivolous. Mr. Swint's allegations do not plausibly establish any basis for relief under the law. The complaint cannot be plausibly read to state any claim for relief. In short, it is frivolous.

Because Mr. Swint's complaint is "both incomprehensible and irrational," the Court finds that any amendment would be futile. *Swint v. International Paper Co.*, 2021 WL 2785322, *3 (D. Alaska 2021) (collecting frivolous cases filed by Mr. Swint to conclude amendment would be improper).

### ORDER

Accordingly, IT IS ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED. The Clerk of Court is directed to close the case file and enter judgment by separate document.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this Order would not be taken in good faith. Mr. Swint's complaint is frivolous and fails to state a claim upon which relief can be granted.

DATED this 10th day of August, 2026.

Dana L. Christensen, District Judge
United States District Court